16 F.3d 415
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John Spencer CARPENTER, Plaintiff-Appellant,
v.
L. Wayne WOODYARD, Respondent-Appellee.
 No. 93-5197.
 United States Court of Appeals, Tenth Circuit.
 Jan. 13, 1994.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 The district court granted Mr. Carpenter's Motion for Leave to Proceed in forma pauperis and dismissed his pro se 42 U.S.C.1983 complaint as frivolous. We exercise jurisdiction and affirm.
 
 
 3
 Dismissal of an in forma pauperis complaint on grounds of frivolousness under 28 U.S.C.1915(d) is reviewable for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992); McKinney v. Oklahoma, 925 F.2d 363, 365 (10th Cir.1991).
 
 
 4
 Mr. Carpenter sued his court-appointed counsel for ineffective assistance of counsel. The gist of the complaint was that defendant failed to move to suppress evidence obtained in Mr. Carpenter's illegal arrest and defendant failed to assure Mr. Carpenter had an effective pretrial psychiatric examination. In short, while couched in terms of a denial of the right to effective assistance of counsel, in fact, it is a legal malpractice claim resulting from a criminal trial.
 
 
 5
 The trial court found this 1983 complaint lacked an arguable basis in law. Specifically, the trial court relied upon Tower v. Glover, 467 U.S. 914, 920 (1984), and Polk County v. Dodson, 454 U.S. 312, 325 (1981), and concluded Mr. Carpenter's allegations fail as an appointed criminal defense attorney does not act under color of state or federal law. The trial court dismissed the complaint pursuant to both 28 U.S.C.1915(d) and Fed.R.Civ.P. 12(b)(6).
 
 
 6
 Polk County holds a public defender does not act under color of state law for 1983 purposes, id. at 325. Tower holds a public defender is not immune from civil rights liability with regard to alleged "intentional misconduct ... by virtue of alleged conspiratorial action with state officials that deprives their clients of federal rights" by securing his conviction, 467 U.S. at 923.
 
 
 7
 In his pro se appeal Mr. Carpenter argues his cause of action is saved by Tower. In fact, the record on appeal fails to support Mr. Carpenter's argument. Nowhere does Mr. Carpenter allege his counsel's misconduct was intentional, instead Mr. Carpenter's complaint speaks only of his counsel's conduct as "ineffective." Secondly, Mr. Carpenter's complaint fails to set forth any facts touching upon a conspiracy. Mr. Carpenter's complaint contains only a single oblique reference to a conspiracy, which we quote: "The Plaintiff now submits that the Defendants representation was so ineffective until one could hardly deny the Plaintiff's claim that the Defendant conspired with the State to violate his constitutional rights."
 
 
 8
 This language fails to pass the requirements imposed by Tower.
 
 
 9
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ---